UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD BOYD COOPER, | ) | No. CV 14-9611-AS |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| v. | ) | |
| | ) | **ORDER OF REMAND** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**I. PROCEEDINGS**

On May 17, 2011, Plaintiff Richard Boyd Cooper ("Plaintiff") applied for a period of disability and disability insurance benefits

1

alleging a disabling condition which had rendered him unable to work since March 31, 2011. (A.R. at 156-57). The Administrative Law Judge ("ALJ"), Eileen Burlison, examined the records and heard testimony from Plaintiff and a vocational expert ("VE"), Valerie Williams, on April 3, 2013. (A.R. at 33-55). On May 2, 2013, the ALJ denied Plaintiff benefits in a written decision. (A.R. at 14-21). The Appeals Council denied review of the ALJ's decision. (A.R. at 1-4).

On December 16, 2014, Plaintiff filed a Complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c) alleging that the Social Security Administration erred in denying him disability benefits. (Docket Entry No. 1). On May 6, 2015, Defendant filed an Answer to the Complaint, (Docket Entry No. 12), and the Certified Administrative Record ("A.R."), (Docket Entry No. 13). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 9, 10). On July 15, 2015, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim. (Docket Entry No. 15).

## II. SUMMARY OF PLAINTIFF'S TESTIMONY AND ALJ'S DECISION

At the April 3, 2013, hearing, Plaintiff testified that he was unable to continue working due to several impairments. (A.R. at 38). Specifically, Plaintiff stated that "a pinched nerve in the disks in [his] neck" caused chronic headaches that made him unable to concentrate. (A.R. at 38). Plaintiff also stated that he could walk only with difficulty due to a torn meniscus, torn L4 spinal segment,

and arthritic knee. (A.R. at 45). Plaintiff also testified that he could sit for 15 minutes before needing to "alternate between standing, sitting and laying"; stand only with difficulty balancing due to his knee problems; and lift/carry only 10 or 15 pounds. (A.R. at 45). Plaintiff testified that his L4-L5 spinal discs needed to be replaced and that bone spurs and arthritis in his neck were causing chronic headaches and neuropathy on his right side. (A.R. at 46). Plaintiff also noted that he suffered from hepatitis and diabetes. (A.R. at 41, 46).

Plaintiff testified that he did not cook, clean, or shop very often, and that he could not drive for more than twenty minutes due to pain. (A.R. at 42). Plaintiff further testified that his "social activity" was "[s]omewhat limited to the physical capacity," and that he was no longer able to fish. (A.R. at 43). Plaintiff also claimed that headaches interfered with his sleep and caused him to be chronically fatigued during the day. (A.R. at 48-49).

The ALJ applied the five-step process to the evaluation of the record in Plaintiff's case. (A.R. at 14-16). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after the alleged onset date. (A.R. at 16). At step two, the ALJ found that Plaintiff had severe impairments including degenerative disc disease of the cervical and lumbar spine and a small tear of the medial meniscus and lateral meniscus of the right knee. (A.R. at 16). At step three, the ALJ found that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. at 16). The ALJ noted

particularly that the criteria for major dysfunction of a joint, disorder of the spine, and chronic liver disease were unmet. (A.R. at 16).

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR section 404.1567(b) "except he would be limited to occasional postural limitations, and he should avoid walking on uneven terrain." (A.R. at 16-17). The ALJ stated that Plaintiff's impairments could be expected to cause his symptoms, but Plaintiff's statements about the "intensity, persistence and limiting effects of these symptoms [were] exaggerated and inconsistent with the medical evidence, and [were] not entirely credible for the reasons explained in this decision." (A.R. at 17). The ALJ also gave no weight to the opinions of two treating physicians because they were "grossly exaggerated" and "inconsistent with the clinical, objective, and other medical evidence in the record." (A.R. at 18). Instead, the ALJ gave partial weight to the opinions of examining medical consultant Ruben Ustaris and of non-examining state agency medical consultants. (A.R. at 18-19).

At step four, the ALJ determined that Plaintiff possessed the RFC to return to his past relevant work as a counselor therapist. (A.R. at 19-20). Notwithstanding this finding, the ALJ proceeded to step five and determined that Plaintiff's RFC permitted him to perform other jobs existing in significant numbers in the national economy. (A.R. at 20). The ALJ accordingly determined that Plaintiff was not disabled within the meaning of 42 U.S.C. sections

416(i) and 423(d).

### III. STANDARD OF REVIEW

This court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

### IV. PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ improperly (1) rejected the opinions of his treating physicians; and (2) rejected his testimony as not credible. (Joint Stip. at 4).

### V. DISCUSSION

After reviewing the record, the Court finds that Plaintiff's

second claim warrants remand for further consideration. Because remand is appropriate on the issue of whether the ALJ improperly rejected Plaintiff's testimony as not credible, the Court declines to consider the remaining issues.

**A.  The ALJ Erred in Rejecting Plaintiff's Testimony as Not Credible**

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 6684997 at *5 (9th Cir. 2015) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff asserts that the ALJ improperly rejected his testimony as not credible and failed to identify evidence supporting this finding, relying instead upon a "benign recitation of the medical record." (Joint Stip. at 14-17, 20). Defendant asserts that the ALJ properly rejected Plaintiff's testimony in light of objective medical

evidence and inconsistencies between Plaintiff's alleged limitations and his admitted activities of daily living. (Joint Stip. at 17-19).

The ALJ found Plaintiff's testimony not entirely credible in the following excerpt:

> The claimant testified at the hearing as a witness on his own behalf. He graduated high school and college. He lives with his wife and daughter. He will pick his daughter up from school. He can read and use a computer. He last worked in April 2011 as a self-employed counselor. He has diabetes and liver disease. He said he had a pinched nerve in his neck which caused headaches. He said he needed 2 discs in his neck replaced. His hands will go numb. He can walk and stand, but said he needed a knee replacement. He can sit for 15 minutes. He can lift 10 to 15 pounds.
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are exaggerated and inconsistent with the medical evidence, and are not entirely credible for the reasons explained in this decision.

(A.R. at 17).

The ALJ's opinion does not explicitly identify the ALJ's reasons for discrediting Plaintiff's testimony, and the foregoing excerpt is followed by a summary of all of the medical evidence considered by the ALJ. (A.R. at 17-19). The ALJ's opinion therefore fails to provide "specific, clear and convincing reasons" for rejecting Plaintiff's testimony about the intensity, persistence, and limiting effects of his symptoms. See Brown-Hunter, __ F.3d __, 2015 WL 6684997 at *5-*6 (rejecting ALJ's credibility determination where ALJ "did not

specifically identify . . . inconsistences; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination"). See also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

Defendant argues that the Court may affirm the ALJ's partial rejection of Plaintiff's testimony based on: (1) inconsistencies between Plaintiff's testimony and objective medical evidence, including the opinions of Dr. Ustaris and the non-examining state agency medical consultants; and (2) inconsistencies between Plaintiff's statements that he could sit or drive for only 15 minutes and lift only 10 or 15 pounds and his statements that he shops for groceries, drives for 40 minutes at a time, attends church, and socializes with friends. (Joint Stip. at 18). Preliminarily, Defendant overstates the contradictions between Plaintiff's alleged limitations and activities, (see A.R. at 43 (testimony that Plaintiff engaged in "social activity" that was "[s]omewhat limited to the physical capacity"), 47 (testimony that Plaintiff walks in the back of his church when he needs to stand or stretch)), and cites to a discrepancy between the duration that Plaintiff could drive at the time of the April 2013 hearing (15 or 20 minutes, see A.R. at 42) and the duration that he could drive when he filled out an Exertion Questionnaire in May 2011 (40 minutes, see A.R. at 180).

More significantly, the Court cannot affirm an ALJ's decision based upon inconsistencies in testimony or medical evidence that the ALJ did not specifically identify in support of her decision. As the

Ninth Circuit observed in <u>Burrell v. Colvin</u>, 775 F.3d 1133 (9th Cir. 2014):

> "We are constrained to review the reasons the ALJ asserts." <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003). Our decisions make clear that we may not take a general finding — an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors — and comb the administrative record to find specific conflicts. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995). "To support a lack of credibility finding, the ALJ was required to point to specific facts in the record...." <u>Vasquez v. Astrue</u>, 572 F.3d 586, 592 (9th Cir. 2009) (emphasis added) (internal quotation marks omitted). Here, the ALJ stated only — in passing and in a different section than the credibility determination — that Claimant's self-reports were inconsistent in some unspecified way with her testimony at the hearing. That finding is insufficient to meet "our requirements of specificity." <u>Connett</u>, 340 F.3d at 873. [. . . .]
>
> The government argues that Claimant's testimony that she has, on average, one or two headaches a week conflicts with the medical record. As an initial matter, the ALJ never connected the medical record to Claimant's testimony about her headaches. Although the ALJ made findings [. . .] concerning Claimant's treatment for headaches, he never stated that he rested his adverse credibility determination on those findings. For that reason alone, we reject the government's argument that the history of treatment for headaches is a specific, clear, and convincing reason to support the credibility finding.

<u>Burrell</u>, 775 F.3d at 1138-39. <u>See also</u> <u>Connett</u>, 340 F.3d at 874 ("Because the ALJ did not assert specific facts or reasons to reject Connett's testimony . . . we must reverse the district court on this issue."); <u>Brown-Hunter</u>, __ F.3d __, 2015 WL 6684997 at *6 ("Because the ALJ failed to identify the testimony she found not credible, she

did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error."); and <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Here, although the ALJ summarized Plaintiff's testimony and the available medical evidence, she did not clearly identify the evidence that supported her adverse credibility finding. As a result, the ALJ's statement that Plaintiff's complaints were "exaggerated and inconsistent with the medical evidence, and [were] not entirely credible" is not adequately supported and does not provide the specificity required by case law.

**B. The ALJ's Error Was Not Harmless**

"[H]armless error principles apply in the Social Security . . . context." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006)). Generally, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" <u>Id.</u> (citing <u>Carmickle v. Comm'r Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)).

The Court cannot conclude that the ALJ's errors were harmless. Plaintiff's credibility was directly relevant to assessing his limitations and, in turn, his RFC. A claimant's RFC "may be the most critical finding contributing to the final . . . decision about

disability." See McCawley v. Astrue, 423 F. App'x 687, 689 (9th Cir. 2011) (quoting SSR 96—5p). Here, Plaintiff's RFC was central to the ALJ's determination that he could return to his prior work and the availability and nature of other work that he could perform. (A.R. at 19-20). Because the Court cannot determine that the ALJ's errors are "inconsequential to the ultimate disability determination," the errors cannot be deemed harmless. See Carmickle, 466 F.3d at 885.

**C. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, the Court remands primarily because it cannot effectively review the ALJ's opinion, and further review might remedy this problem. The record also does not establish that Plaintiff's testimony should necessarily have been credited or that the ALJ would necessarily be required to find Plaintiff disabled if Plaintiff's

11

testimony were credited. Remand is therefore appropriate.

The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would be inappropriate at this time. Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's alleged failure to properly consider the opinions of Plaintiff's treating physicians. Because this matter is being remanded for further consideration, this issue should also be considered on remand, if necessary.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 7, 2015.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE